NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30142 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00033-RAJ |
| v. | MEMORANDUM[*] |
| CHRISTOPHER THOMAS YARBROUGH, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Christopher Thomas Yarbrough appeals from the district court's judgment

and challenges the 14-month sentence imposed upon revocation of supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yarbrough contends that the district court procedurally erred by imposing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Yarbrough's request to submit this case on the briefs is, therefore, granted.

sentence based on the seriousness of the underlying offense and other improper sentencing factors, and that it imposed an unreasonable sentence.

The record reflects that the district court considered Yarbrough's underlying offense in connection with permissible 18 U.S.C. § 3583(e) sentencing factors, including Yarbrough's history and characteristics and the need to protect the public, and to assess the extent of Yarbrough's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (nature and severity of the underlying offense can be considered as part of the criminal history of the violator because it is relevant to the violator's propensity for recidivism, the threat he poses to the public, and the extent of his breach of the district court's trust). The court heard argument from Yarbrough that seriousness of the offense was not an appropriate sentencing consideration, and the court explained that Yarbrough was being sentenced for his failure to comply with the conditions of supervision, and not for the state court conviction that resulted in the revocation. On this record, we conclude that the court did not base the revocation sentence primarily on the basis of improper sentencing factors. *See id.* at 1063. Moreover, the within-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

17-30142